*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HASSAN AOUN,

      Plaintiff-Appellant,

v

CITY OF DEARBORN,

      Defendant-Appellee.

UNPUBLISHED
April 14, 2025
3:24 PM

No. 369102
Wayne Circuit Court
LC No. 23-010025-CZ

Before: BORRELLO, P.J., and RIORDAN and PATEL, JJ.

PER CURIAM.

Plaintiff filed a lawsuit under the Freedom of Information Act (FOIA), MCL 15.231 *et seq*., seeking emails and text messages from various officials with the City of Dearborn. Plaintiff was informed that the costs associated with processing the request totaled $13,604.86. After applying a $20 waiver for indigent persons and a $678.99 reduction for defendant's late response, the total amount due came to $12,905.87. Plaintiff then sued, claiming that defendant had violated FOIA by requesting such a high amount. The trial court granted defendant's motion for summary judgment. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

Plaintiff filed an FOIA request seeking 11 items, namely texts and emails of elected officials and department heads employed with the City of Dearborn. His full request was as follows:

> 1. All city, council-member emails sent or received from 01-1-2022 [to] 06-20-2023
>
> 2. Dearborn Chief of Police emails/text messages regarding city business, received or sent from 01-01-2022 [to] 06-20-2023.
>
> 3. Mayor Hammoud emails/text messaging regarding city business sent or received from 01-01-2022 [to] 06-20-2023.

-1-

4.   Commander Timothy McHale emails/text messages regarding city business, received and sent from 01-01-2022 [to] 06-20-2023.

5.   Mayor Hammoud emails/texts sent or received regarding city business from 01-01-2022 [to] 06-20-2023.

6.   Mike Sareini emails/text messages sent or received for city business from 01-01-2022 [to] 06-20-2023.

7.   Mustafa Hammoud city council, emails/text messages regarding city business 01-01-2022 [to] 06-20-2023.

8.   Release all bids contracts, regarding any construction work done for the City of Dearborn City [sic] from 01-01-2022 [to] 06-20[-]2023.

9.   Copies of all checks or ACH payments received or sent regarding city business from 01-01-2022 [to] 06-20-2023.

10.   Any and all emails/text messages as between Rabih Hammoud and any other City of Dearborn officials relative to any city business from 01-01-2022 [to] 06-20-2023.

11.   The City of Dearborn's financial records regarding its budget, issued awards for services to 3rd parties, a breakdown of each and every department's budget/expenses and banking records for the city (restricted and unrestricted funds) from 01-01-2022 [to] 06-20-2023.

In his request, plaintiff noted, through counsel, that he was entitled to a fee waiver due to his indigency.[1]  Defendant's response stated that plaintiff had to pay a deposit of $6,452.93, which was 1/2 the estimated cost to fulfill plaintiff's request.  It noted the charge for its labor was calculated using the hourly rate of the lowest-paid employee capable of completing the necessary tasks, and that unlike a simple report, plaintiff's request required employees be diverted from their regularly assigned duties to process it.  The response included a detailed itemization of fees, which totaled $13,604.86, less a $20 "waiver for indigent persons," and a $678.99 reduction for defendant's late response, making the total balance due, $12,905.87.

In August 2023, plaintiff filed a complaint against defendant, alleging it violated FOIA by improperly assessing his $20 discount for his indigency, and improperly assessing the hourly rate to fulfill his request.  Plaintiff contended the applicable rate should be $12 an hour, which is what defendant charged him for a FOIA request for contracts the year prior.  In lieu of an answer, defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(8) and (10), arguing it properly discounted $20 from plaintiff's total fee under MCL 15.234(2), and properly calculated

---

[1] Defendant does not challenge plaintiff's indigency status under FOIA.

the hourly wage cost to fulfill plaintiff's request under MCL 15.234(1). Following a motion hearing, the trial court agreed with defendant and granted its motion. This appeal ensued.

## II. ANALYSIS

In his appeal, plaintiff alleges that the trial court erred in granting summary disposition under MCR 2.116 (C)(8) or (10). Defendant replies that the trial court properly granted summary disposition.

The trial court did not indicate under which subsection of MCR 2.116 it was granting defendant's motion. Where it is not apparent from the record "which section of MCR 2.116 the trial court based its ruling, and both the defendant and the trial court relied on documentary evidence beyond the pleadings . . . this Court must construe the defendant's motion as being granted pursuant to MCR 2.116(C)(10)." *Gueye v State Farm Mut Auto Ins Co*, 343 Mich App 473, 480 n 6; 997 NW2d 307 (2022) (quotation marks and citation omitted). Hence, for purposes of this appeal, we presume the trial court granted summary disposition under MCR 2.116(C)(10).

Under MCR 2.116(C)(10), a party may move for summary disposition on the ground that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. The rule tests the factual sufficiency of a claim. *Cantina Enterprises II Inc v Prop-Owners Ins Co*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 363105); slip op at 3. "A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) if the pleadings, affidavits, and other documentary evidence, when viewed in a light most favorable to the nonmovant, show that there is no genuine issue with respect to any material fact." *Barnes v 21st Century Premier Ins Co*, 334 Mich App 531, 540; 965 NW2d 121 (2020) (quotation marks and citation omitted). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might disagree." *Green v Pontiac Pub Library*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 363459); slip op at 7.

"Legal determinations made in the context of a FOIA proceeding are reviewed de novo. This Court also reviews de novo questions of statutory interpretation." *Blackwell v Livonia*, 339 Mich App 495, 501; 984 NW2d 780 (2021) (citations omitted).

A public body may charge a fee for providing a copy of a public record; generally, the fee is "limited to actual mailing costs, and to the actual incremental cost of duplication or publication including labor, the cost of search, examination, review, and the deletion and separation of exempt from nonexempt information as provided in section 14." MCL 15.234(1); *Coblentz v Novi*, 475 Mich 558, 577; 719 NW2d 73 (2006); *King v Mich State Police Dep't*, 303 Mich App 162, 186; 841 NW2d 914 (2013). FOIA provides standards for determining costs and those standards apply with some exceptions. A public body may not charge more than the hourly wage of the lowest paid public body employee capable of retrieving the information necessary to comply with a FOIA request. MCL 15.234(1)(a). In calculating the costs associated with searches and copying, only the costs of employees may be considered; the fees of an independent contractor may not be included. *Coblentz*, 475 Mich at 578.

Here, the issue is whether plaintiff is entitled to a discount greater than the $20 given to him by defendant. MCL 15.234(2) controls the outcome, and it states, in relevant part:

(2) . . . A search for a public record may be conducted or copies of public records may be furnished without charge or at a reduced charge if the public body determines that a waiver or reduction of the fee is in the public interest because searching for or furnishing copies of the public record can be considered as primarily benefiting the general public. *A public record search shall be made and a copy of a public record shall be furnished without charge for the first $20.00 of the fee for each request by either of the following*:

(a) An individual who is entitled to information under this act and who submits an affidavit stating that the individual is indigent and receiving specific public assistance or, if not receiving public assistance, stating facts showing inability to pay the cost because of indigency. *If the requestor is eligible for a requested discount, the public body shall fully note the discount on the detailed itemization described under subsection (4)*. [MCL 15.234(2)(a) (emphasis added).]

Plaintiff acknowledges that defendant reduced the fee by $20.00 from the original amount of $12,000.00. However, plaintiff contends that he is entitled to a larger discount or even a waiver of the fee entirely. His entire legal argument comprises just two pages.

MCL 15.234(2) clearly states that indigent individuals and certain nonprofit organizations are entitled to receive copies without charge for the first $20 of the fee. Any statutory reductions beyond that are not listed in plaintiff's brief, nor does he cite to case law that requires defendant to provide plaintiff a greater discount. To the extent plaintiff contests the fees charged on alternative grounds, we find that he has merely claimed that the trial court's ruling was incorrect, without addressing the court's reasoning or providing relevant legal authority to bolster his assertions. A party cannot simply express a position and expect the Court to construct arguments or search for supporting authority. As established in *Wilson v Taylor*, 457 Mich 232, 243, 577 NW2d 100 (1998), failure to properly present an argument constitutes abandonment. See also, *McIntosh v McIntosh*, 282 Mich App 471, 484, 768 NW2d 325 (2009). Consequently, plaintiff has effectively abandoned these arguments due to his inadequate briefing and failure to address and point to the error in the trial court's rationale. See, *Seifeddine v Jaber*, 327 Mich App 514, 519-521; 934 NW2d 64 (2019).

Even if we were to consider plaintiff's additional arguments, we note that none of his arguments alter the fact that the trial court properly relied on the clear language of MCL 15.234(2). This statute explicitly outlines the framework for deductions from fees, setting forth a permissible deduction amount of $20. Therefore, regardless of any supplementary claims made by plaintiff, the statutory language clearly supports the actions taken by defendant in this instance. The defined parameters set forth in MCL 15.234(2) allow for a $20 deduction from fees, which is precisely what plaintiff received from defendant.

Affirmed. No costs are awarded, as this case involves a public question. Refer to *City of*

*Bay City v Bay County Treasurer*, 292 Mich App 156, 172; 807 NW2d 892 (2011).


/s/ Stephen L. Borrello
/s/ Michael J. Riordan
/s/ Sima G. Patel